IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ROCHELLE M. CLEAVER,

    Plaintiff,

v.                                                                       CASE NO. 1:21-cv-158-MW-GRJ

CITY OF GAINESVILLE,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is *pro se* Plaintiff's civil rights case brought pursuant to 42 U.S.C. § 1983. In her amended complaint, Plaintiff alleges that the City of Gainesville's water caused her to develop sores on her body. *See* ECF No. 7. Plaintiff filed her initial complaint on September 28, 2021. Since that time, the Court has issued four orders directing Plaintiff to cure her deficient pleading. *See* ECF Nos. 4, 5, 6, 8. In its most recent Order, the Court laid out detailed instructions on how to state a Section 1983 claim for either denial of due process, First Amendment retaliation, or discrimination against Defendant City. ECF No. 8 at 4-6.[1]

---

[1] These federal claims were gleaned by the Court's very liberal reading of Plaintiff's complaint.

The Court also warned Plaintiff that if she failed to file an amended complaint by January 15, 2022 in compliance with this Court's clear instructions, the undersigned would recommend that her case be dismissed, without further notice. ECF No. 8 at 6. That deadline has passed, and Plaintiff has not amended her complaint in compliance with this Court's orders. Accordingly, it is respectfully recommended that Plaintiff's case be dismissed for failure to prosecute and for failure to comply with court orders. Also, Plaintiff cannot assert a federal claim against the City of Gainesville and amending the complaint would be futile as discussed below.

## BACKGROUND

Plaintiff is an 81-year-old disabled widow. ECF No. 1 at 5. In her amended complaint, she alleges that the bathing water supplied to her home by Defendant City caused growths on her forearms and face, depriving her of "life" as contemplated by the Due Process Clause of the United States Constitution. ECF No. 7 at 8. Plaintiff complains that the chlorine and other chemicals used to treat her bathing water are eating away at her skin. *Id*.[2] Plaintiff first complained about her water situation to

---

[2] The communications attached to Plaintiff's amended pleading reveal that, in addition to her complaints about the City's water, Plaintiff also has a dispute with Gainesville Regional Utility (that supplies her water) over her electric bill. *Id*. at 18. The electric bill

2

the U.S. Environmental Protection Agency, Florida's Department of Consumer Services, and Gainesville Regional Utility ("GRU"). ECF No. 5 at 10-18.

Now Plaintiff seeks relief from this Court for what she deems are violations of her constitutional rights arising under the Fourteenth (denial of due process) and First Amendment (retaliation). *Id.* at 8. Plaintiff further alleges that Defendant City discriminated against her on the basis of her race, sex, color, gender, and disability in violation of federal law. *Id.* For a remedy, Plaintiff seeks $250,000 in damages. Yet, Plaintiff fails to allege facts that would support a claim under any federal law that may possibly be invoked in this action. Moreover, Plaintiff has been given four (4) months to cure her deficient complaint and she has not done so.

## DISCUSSION

To properly plead a cause of action, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requires a plaintiff to assert "sufficient factual matter" that, if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The

---

dispute culminated in Plaintiff's electricity being turned off. *Id*. The electric bill dispute was part of Plaintiff's original complaint, but she has now abandoned those claims.

plausibility standard is met only where the facts alleged enable the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). Mere labels and conclusions are insufficient. *Iqbal*, 556 U.S. 662 at 678. The Court will not penalize a *pro se* litigant for "linguistic imprecision," *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008), but a cause of action must be discernable. A court does not have "license to … rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by, Iqbal*, 556 U.S. 678.

To the extent that Plaintiff attempts to assert a claim for relief under 42 U.S.C. § 1983, she must allege that: (1) an act or omission deprived her of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). "Persons" for Section 1983 purposes include individuals and municipalities and other local-government units, but do not include a state or an arm of a state. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff must also allege facts showing an affirmative causal connection between the individual defendant's conduct and the alleged deprivation of her

4

constitutional rights. *Zatler v. Wainwright,* 802 F. 2d 397, 401 (11th Cir. 1986). If a plaintiff cannot satisfy these requirements or fails to provide factual allegations in support of his claim, the complaint is subject to dismissal. *Id.* at 737-38.

Here, Plaintiff is suing the City of Gainesville. She may, however, raise a claim against the City only where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Sec. of City of New York*, 436 U.S. 658, 690 (1978). To state a *Monell* claim, plaintiff must show: "(1) that her constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

In the case at hand, Plaintiff references no City of Gainesville custom or policy let alone one that was deliberately indifferent to Plaintiff's *constitutional* rights. Indeed, Plaintiff has no constitutional right to untreated bathing water. "Section 1983 is not self-executing; the statute itself creates no substantive rights." *McKinnis v. Mosely*, 693 F.2d 1054, 1057-58 (11th Cir. 1982). Section 1983 provides only that certain

deprivations of "rights, privileges, or immunities secured by the Constitution and the laws" give rise to private causes of action. The threshold question in evaluating the sufficiency of a section 1983 claim is whether any federal or constitutional issue was involved.  Here, Plaintiff attempts to sue Defendant City for a denial of her due process rights under the Fourteenth Amendment, for retaliation under the First Amendment, and for discrimination.  Each claim fails as a matter of law.

To state a *substantive* due process claim, Plaintiffs must allege facts showing that Defendant violated a fundamental right. *See McKinney v. Pate*, 20 F.3d 1550, 1556-57 (11th Cir. 1994). To the extent Plaintiff seeks to state a *procedural* due process claim under Section 1983, Plaintiff must plead and demonstrate: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process. *See Arrington v. Helms*, 438 F.3d 1336, 1347-48 (11th Cir. 2006) (citation omitted).  Again, Plaintiff has no fundamental right to untreated bathing water.  And, because she has no constitutionally-protected interest in her bathing water, she cannot state a claim for either a substantive or procedural due process violation.  Plaintiff is free to purchase water somewhere else and use that water instead of the water supplied by Defendant.  Finally, even if Defendant shut off her water

entirely, Plaintiff has no Section 1983 claim for that action as she has no constitutionally protected interest here.

To state a First Amendment retaliation claim, plaintiff must establish "first, that [her] speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." *Bennett v. Hendrix,* 423 F.3d 1247, 1250 (11th Cir. 2005). In showing that protected speech is adversely affected, a private citizen must meet an objective standard: "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." *Id.* at 1254.

In this case, Plaintiff does not point to any specific conduct on the part of the Defendant that she alleges is retaliatory. Rather, Plaintiff says in conclusory fashion that "18 U.S. Code 15113 prohibits retaliation against a victim." ECF No. 7 at 8. Construing Plaintiff's amended complaint very liberally, Plaintiff may possibly be alleging that her electricity was cut off in retaliation for Plaintiff's complaining to GRU about her bathing water. *See* ECF No. 7 at 18. But, that is a stretch. Assuming, *arguendo*, that is Plaintiff's position, her original complaint discloses that the dispute over

7

Plaintiff's electricity being cut off arose one-and-a-half years ago, well before her complaints about her bathing water arose. *See* ECF No. 1 at 6-7.

Further, while Plaintiff is correct that Section 15113 makes it a crime to retaliate against a witness, victim, or an informant in a criminal proceeding, that statute does not apply to this case. Section 1983 does not provide relief for violations of every federal statute. Instead, "[i]n order to seek redress through § 1983, ... a plaintiff must assert the violation of a federal *right*, not merely a violation of federal law." *Blessing v. Freestone,* 520 U.S. 329, 340, 117 S.Ct. 1353, 1359 (1997) (emphasis in original) (quoting *Golden State Transit Corp. v. City of Los Angeles,* 493 U.S. 103, 106, 110 S.Ct. 444 (1989)).

The statute at issue here, 18 U.S.C. § 1513, is a criminal statute imposing penalties upon anyone who kills or attempts to kill a person with intent to retaliate against any person for the attendance of a witness at a proceeding, or for providing to law enforcement information related to a crime. 18 U.S.C. § 1513. This is not a criminal case, and, even if it were, Plaintiff herself cannot enforce this statute. Additionally, this provision does not unambiguously confer a right on anyone nor is it phrased in terms of an individual being benefitted. Finally, the statute clearly does not create a

private remedy. As a result, Plaintiff cannot utilize Section 1983 to enforce 18 U.S.C. § 1513, which again, does not apply here.

Plaintiff also lends no facts to support her discrimination claims. To state a claim of non-employment discrimination under 42 U.S.C. § 1981, Plaintiff must establish that (1) she is a member of a racial minority; (2) Defendant intended to racially discriminate against her; and (3) the discrimination concerned one or more of the activities enumerated in Section 1981.[3] *Jimenez v. Wellstar Health Sys.*, 596 F.3d 1304, 1308 (11th Cir. 2010). To state a claim for discrimination under the Americans with Disabilities Act, a private plaintiff must show that the defendant acted "with discriminatory intent." *McCullum v. Orlando Reg. Healthcare Sys., Inc.*, 768 F.3d 1135, 1146-47 (11th Cir. 2014). That requires proof the defendant either intentionally discriminated against the plaintiff or was "deliberately indifferent to [her] statutory rights." *Id.* at 1147 (quotation marks omitted). "To establish deliberate indifference, a plaintiff must show that the defendant knew that harm to a federally protected right was

---

[3] The rights enumerated in Section 1981 include the right "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens…." 42 U.S.C. § 1981.

9

substantially likely and failed to act on that likelihood." *Id.* (quotation marks and alteration omitted).

In support of her discrimination claims, Plaintiff says only that "Federal civil rights profit at discrimination against retaliators who assert their rights, or race, color, sex, disability." ECF No. 8. Plaintiff does indeed allege that she is an elderly disabled Jewish widow, but she does not allege that Defendant discriminated against her on that basis. Nor does Plaintiff set forth any allegations that would support the notion that Defendant did, in fact, discriminate against her on the basis of her race, ethnicity, gender, or disability. Presumably, Plaintiff receives the same water as the other residents in her apartment complex.[4] Also, Plaintiff's communications with GRU show that GRU forwarded her complaints to the Water Testing Department on September 23, 2021, so the issue, was there any, should be resolved. ECF No. 17. And, nowhere does Plaintiff allege that Defendant City uniquely supplied her with contaminated water just because she is an elderly disabled Jewish widow. Given the fact that Plaintiff lives in an apartment complex, it is not plausible that Defendant would have any reason to go to such lengths to single Plaintiff out in that way.

---

[4] Plaintiff gives her address as 1105 Fort Clarke Blvd. Apt. 1202, Gainesville, FL 32606. ECF No. 7 at 2.

Because Plaintiff cannot assert a federal cause of action against Defendant City, her case is due to be dismissed. Plaintiff has been given ample opportunity to cure her deficient pleadings and has instead disregarded this Court's order that she do so.

"[U]nder Federal Rule of Civil Procedure 41(b), a district court may *sua sponte* dismiss a suit for failure to prosecute or failure to comply with an order." *Brown v. Blackwater River Corr. Facility*, 762 F. App'x 982, 985 (11th Cir. 2019); *see also Foundry v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) (federal courts possess an inherent authority to dismiss a complaint for failure to comply with a court order); *Sheraton Atlanta Hotel*, 618 F. App'x 987, 989-91 (11th Cir. 2015) (affirming dismissal of *pro se* complaint with prejudice for failure to comply with court orders where district court had given plaintiff detailed instructions on how to amend the complaint and plaintiff failed to amend in compliance with the order). While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, is permitted. *See State Exch. Bank v. Hartline,* 693 F.2d 1350, 1352 (11th Cir.1982).

Nevertheless, dismissal is a sanction of last resort that requires findings of "willful delay or conduct" and that "lesser sanctions will not

11

suffice." *Jacobs v. Atlanta Police Dep't*, 685 F. App'x 827, 831 (11th Cir. 2017).

In sum, Plaintiff failed to cure deficiencies in her pleading that the Court pointed out months ago. Any sanction short of dismissal will not remedy Plaintiff's non-compliance. Dismissal of this case is appropriate. *Garrett v. Birmingham Police Dep't*, 769 F. App'x 899, 900-01 (11th Cir. 2019); *Watts v. Ford Motor Co.*, 648 F. App'x 970, 972-73 (11th Cir. 2016). Finally, amending the complaint would be futile. *See, e.g., Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Hall v. United States*, 367 F.3d 1255, 1263 (11th Cir. 2004) (district court may properly deny leave to amend when such amendment would be futile).

Accordingly, it is respectfully **RECOMMENDED** that the Amended Complaint, ECF No. 7, is due to be **DISMISSED with prejudice** for failure to prosecute and for failure to comply with court orders and for failure to state a cause of action against the City of Gainesville.

**IN CHAMBERS** this 19th day of January 2022.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO PLAINTIFF**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> If Plaintiff fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.